The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith,* 148 Ohio App.3d 665, 2002-Ohio-4091.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80434.

Decided Aug. 8, 2002.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Brendan Sheehan, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Kathy L. Moore, Assistant Public Defender, for appellant.

MICHAEL J. CORRIGAN, Presiding Judge.

## I

{¶ 1} Defendant-appellant Ollie Smith was indicted on January 23, 2001, for two counts, receiving stolen property (a violation of R.C. 2913.51) and theft of property between $500 and $1,500 (a violation of R.C. 2913.02).

{¶ 2} At trial, the state brought forth five witnesses, including three police officers. Officer Chetnik testified that he responded to a 9–1–1 call about a stolen car that contained some personal property of the car's owner. Officer Lipscomb testified that he, while off duty at the time, received information regarding the stolen car. Later that evening, Lipscomb happened to see the stolen car, followed it, and eventually made the arrest of Smith.

{¶ 3} During the course of the trial, after counsel had questioned each witness, the trial court would ask the jury whether they had any questions. The jury asked five questions of Lipscomb and one question of an Officer Mauer.

{¶ 4} Smith was found guilty of both counts and brings one assignment of error for our review.

## II

{¶ 5} "Assignment of Error: The trial court erred when it permitted the jurors to question the witnesses."

{¶ 6} Smith argues that the "disruptive effect of juror questioning upon the neutrality of the jury and upon the adversary process itself denies a criminal defendant due process, the right to a trial by jury, and, by distorting the adversary process, the right to counsel." Further, Smith argues that "it is per se reversible error for a trial court to allow jurors to question witnesses."

{¶ 7} This issue was reached recently by this court under almost identical circumstances. *State v. Belfoure*, Cuyahoga App. No. 80159, 2002-Ohio-2959,

2002 WL 1307440. In *Belfoure* and in the trial below, the trial courts established similar procedures in allowing the jurors to ask questions of the witnesses. Here, jurors who had questions would submit them in writing to the court reporter, who would hand them over to the judge. The judge and counsel would then discuss the questions at sidebar to see whether they would "pass legal muster." If the questions were legally acceptable, the judge would read the questions to the witness.

{¶ 8} The rule in this district, unless and until the Supreme Court holds differently,[1] is that "the right of a juror to question a witness during trial is within the sound discretion of the trial court." *Belfoure* at ¶ 13, quoting *State v. Sheppard* (1955), 100 Ohio App. 345, 60 O.O. 298, 128 N.E.2d 471, paragraph five of the syllabus.

### III

{¶ 9} We therefore hold that the lower court acted within its discretion in allowing jurors to question the witnesses. Smith's assignment of error is not well taken.

Judgment affirmed.

ANN DYKE and JAMES J. SWEENEY, JJ., concur.

---

1. As this court recognized in *Belfoure,* a conflict exists among the districts in Ohio and the issue is currently pending before the Ohio Supreme Court. *Belfoure* at ¶ 12, citing *State v. Fisher* (2002), 94 Ohio St.3d 1484, 763 N.E.2d 1183.