JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Daniel Sanford, appeals his conviction and sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division. He was convicted of one count of receiving stolen property, a felony of the fifth degree, and sentenced to six months' imprisonment. After a review of the record and arguments of the parties, we affirm appellant's conviction but reverse the matter for resentencing.
 {¶ 2} On or about March 2, 2004, the rear license plate was stolen from the car of Patricia Heaton while it was parked in the Flats area of Cleveland. She reported the loss to the Cleveland Police Department the next day. Approximately one month later, appellant was stopped by the Berea police because the rear license plate attached to his vehicle belonged to Ms. Heaton's car. The front license plate attached to appellant's vehicle was registered to him, but had expired in 2002, and the social security number used to register that plate did not belong to appellant. The two license plates were of different designs. Ms. Heaton's plate was the newer red, white and blue plate, while the plate affixed to the front of appellant's car was the older tan and white variety.
 {¶ 3} At the scene, appellant told the arresting officer, Patrick Greenhill, that he had loaned his car to a friend, who was to blame for the license plate switch. At trial, Officer Greenhill testified that appellant refused to divulge the name of the friend or give any other information as to how Ms. Heaton's license plate came to be on his car.
 {¶ 4} The prosecution further presented evidence that appellant's driver's license was under suspension at the time of his arrest and had been so for approximately four years.
 {¶ 5} Appellant now appeals with five assignments of error.[1]
 Plain Error {¶ 6} We review appellant's first two assignments of error for plain error because defense counsel did not object to the admission of certain evidence at trial. To constitute plain error, the error must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon (1995),102 Ohio App.3d 758, 767, 658 N.E.2d 16. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996), 75 Ohio St.3d 163, 166,661 N.E.2d 1043; State v. Nolling, 98 Ohio St.3d 44, 2002-Ohio-7044,781 N.E.2d 88. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips (1995), 74 Ohio St.3d 72, 83,656 N.E.2d 643.
 {¶ 7} Appellant first argues that his refusal to disclose to Officer Greenhill the name of the person he had lent his car to falls under hisFifth Amendment right to silence and that Officer Greenhill's testimony regarding this exchange was admitted in error. However, even "where evidence has been improperly admitted in derogation of a criminal defendant's constitutional rights, the admission is harmless `beyond a reasonable doubt' if the remaining evidence alone comprises `overwhelming' proof of defendant's guilt." State v. Gooden, Cuyahoga App. No. 82621, 2004-Ohio-2699, ¶ 54, citing State v. Williams (1983),6 Ohio St.3d 281, 452 N.E.2d 1323, citing Harrington v. California
(1969), 395 U.S. 250, 254, 89 S.Ct. 1726.
 {¶ 8} Appellant's statement made an explanation as to why the mismatched license plate was on his car. It did not refute the fact that Officer Greenhill had confirmed that the plate did not belong to the appellant and yet was affixed to the car that did belong to him. Moreover, appellant's defense was based upon the fact that he had lent the car to a friend, David Tatum, the day prior to his arrest. Appellant also argued at trial that he merely failed to notice that his car sported two entirely different license plates.
 {¶ 9} Appellant has failed to demonstrate how the outcome of the trial would have been different but for the admission of Officer Greenhill's testimony. Even if the trial court had precluded Officer Greenhill from testifying as to the appellant's statement at the time of his arrest, the other information regarding the officer's investigation properly could have come into evidence; namely, that the rear license plate affixed to appellant's car did not belong to that car, that the front license plate was expired, and that the appellant's driver's license was suspended. From these facts, the jury could have deduced that the presence of the stolen license plate on appellant's car indicated malfeasance on his part. Therefore, the admission of the officer's testimony, even if allowed in error, would constitute merely harmless error and cannot be said to rise to the level of plain error. Appellant's first assignment of error is overruled.
 {¶ 10} Appellant next argues that the evidence relative to the registration of his front license plate constitutes inadmissible "other acts" testimony pursuant to Evid.R. 404(B). With regard to the admissibility of "other acts" evidence, it is well established that evidence tending to prove that the accused has committed other acts independent of the crime for which he is on trial is inadmissible to show that the defendant acted in conformity with his bad character. State v.Gumm (1995), 73 Ohio St.3d 413, 426. The standard of review regarding the admissibility of any such evidence is abuse of discretion. State v.Montgomery (1991) 61 Ohio St.3d 410.
 {¶ 11} An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331; State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144. In order to find that the trial court abused its discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I
(1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 12} The testimony appellant complains was inadmissible concerns Officer Greenhill's investigation, including checking the vehicle's registration. Appellant asserts that the testimony regarding the fraudulent information used to obtain the front license plate registration is akin to using "other acts" evidence to prove that an offender is the "type of person" to engage in criminal activity. We do not agree. The state uses social security numbers to identify individuals who have registered a vehicle. It is reasonable that, during the course of his investigation, Officer Greenhill would run a check on the front and rear license plates and that he would compare this information with the information found on appellant's driver's license. Officer Greenhill would also have discovered that appellant's driver's license was under suspension. Testimony concerning police investigations is generally admissible even though it may involve descriptions of the accused's prior actions provided the probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403(A); State v. Bailey, Cuyahoga App. No. 81498, 2003-Ohio-1834, ¶ 26.
 {¶ 13} Accordingly, we find that the officer's testimony regarding his investigatory procedures and findings was relevant and was not outweighed by any danger of prejudice. The trial court did not abuse its discretion in allowing Officer Greenhill to testify about his investigatory findings, and appellant's second assignment of error is thus overruled.
 Ineffective Assistance of Counsel {¶ 14} Appellant argues in his next assignment of error that he received ineffective assistance of counsel when his attorney failed to object to the admission of the evidence discussed above. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Brooks (1986),25 Ohio St.3d 144, 495 N.E.2d 407. Even debatable tactics do not constitute ineffective assistance of trial counsel, for it is obvious that nothing is seen more clearly than with hindsight. State v. Clayton
(1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189. Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, at 141, 142.
 {¶ 15} Because we have determined that the evidence in question was properly admitted, we cannot find that trial counsel's performance was deficient in failing to object to it. Further, appellant has not demonstrated how the outcome of the trial would have been different had counsel employed another strategy and objected to the admission of evidence which, as is clear from the record presented, his client was more than willing to allow the jury to hear. Therefore, appellant's third assignment of error is overruled.
 Jury Questions to Witness {¶ 16} Appellant argues in his fourth assignment of error that the trial court erred by allowing jurors to submit questions to be posed to witnesses. This court held in State v. Fallat (Jan. 16, 2003), Cuyahoga App. No. 81073:
 {¶ 17} "This court addressed [the issue of questions posed to witnesses by the jury] in State v. Smith, 148 Ohio App.3d 665, andState v. Belfoure, Cuyahoga App. No. 80159, 2002-Ohio-2959. In those cases, as in the instant case, the jurors who had questions would submit them in writing to the court reporter who would hand them to the judge. The judge and counsel would then discuss the questions at sidebar to determine if they were permissible. If the questions were legally acceptable, the judge would read the questions to the witness. The rule in this district, unless and until the Supreme Court holds differently, is that "the right of a juror to question a witness during trial is within the sound discretion of the trial court." State v. Smith, supra;State v. Belfoure, supra; State v. Sheppard (1955), 100 Ohio App. 345.
 {¶ 18} The Supreme Court held in State v. Fisher that allowing the jury to submit questions for a witness was not constitutional error and was entirely within the discretion of the trial court:
 {¶ 19} "Having determined that jurors may submit questions and, at the same time, maintain impartiality, we conclude that the mere possibility
that a juror may submit a biased question or engage in premature deliberation does not violate the Ohio or United States Constitution. The issue of whether juror questions are aimed at advocacy rather than clarification cannot be answered in the abstract, but instead requires courts to examine the nature of each question in the overall context of a trial. We conclude that the trial court is in the best position to render such a determination and, within its sound discretion, disallow improper juror questions." State v. Fisher (2003), 99 Ohio St.3d 127.
 {¶ 20} Appellant concedes that Fisher is the current, controlling law and that his assignment of error lacks merit. Therefore, it is permissible for the trial court to allow the jurors to pose questions to the witnesses, and this assignment of error is overruled.
 Post-Release Control {¶ 21} The Ohio Supreme Court, in Woods v. Telb (2000),89 Ohio St.3d 504, held that the trial court must inform a defendant that post-release control is part of his/her sentence, either at sentencing or at the time of the plea hearing. The distinction between discretionary and mandatory post-release control is one without a difference with regard to the duty of the trial court to notify the offender at the sentencing hearing and to incorporate post-release control into its journal entry. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶22. When a trial court fails to properly discharge its statutory duty with respect to post-release control notification, the sentence must be vacated and the matter remanded for resentencing. Id. at ¶ 28.
 {¶ 22} In the instant case, the state concedes that the appellant was improperly sentenced with respect to the Jordan requirements, and the case should be remanded for resentencing. Therefore, appellant's fifth assignment of error is sustained.
 {¶ 23} Judgment affirmed in part, reversed in part and remanded for resentencing.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Rocco, J., concur.
 APPENDIX A
I. The trial court plainly erred when it admitted evidence that Mr. Sanford refused to tell the police the name of the person who had borrowed his vehicle the day before the vehicle was observed bearing an incorrect license plate.
II. The admission into evidence and the mention in closing argument of testimony that Mr. Sanford had fraudulently registered his license plates with a false social security number was plain error.
III. Mr. Sanford received the ineffective assistance of counsel when his attorney failed to object to evidence and argument relating to (1) his having fraudulently registered his license plates; (2) his decision not to further talk to the police about the identity of the person who had borrowed his car the day before his arrest and (3) the suspended status of his driver's license.
IV. The trial court erred when it permitted the jurors to submit questions to be asked of the witnesses.
V. The trial court erred in including mention of a post-release control term in its journal entry memorializing the sentence imposed when no mention was ever made at the time of sentencing regarding a post-release control term.
[1] Appellant's five assignments of error are included in Appendix A of this Opinion.