JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Foster ("Foster"), appeals from the sentence imposed upon him by the Cuyahoga County Court of Common Pleas.
 {¶ 2} Foster was indicted on 18 counts stemming from five separate incidents. On November 13, 2002, and with agreement of the state, Foster withdrew his pleas of not guilty and entered a plea of guilty to 11 of the 18 charges.[1] The remaining counts were nolled. The trial court accepted Foster's plea and sentenced him to 84 years.
 {¶ 3} It is from this sentence that Foster advances two assignments of error.
 I. {¶ 4} In his first assignment of error, Foster argues that "the trial court erred in accepting [his] plea[s] of guilty as it was not entered knowingly, intelligently and voluntarily." For the reasons stated below, Foster's first assignment of error is overruled.
 {¶ 5} "To comply with the constitutional requirements of Ohio R. Crim. P. 11, the court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against self-incrimination; (2) the right to a trial by jury; (3) the right to confront one's accusers; (4) the right to compulsory process of witnesses; and (5) the right to be proven guilty beyond a reasonable doubt. Failure to strictly comply with these constitutional requirements invalidates a guilty plea." State v.Andre D. Foster, Cuyahoga App. No. 81309, 2002-Ohio-7072. A reviewing court must find substantial compliance with Crim.R. 11(C). State v. Nero
(1990), 56 Ohio St.3d 106.
 {¶ 6} Although literal compliance with Crim.R. 11 is preferred, if under the totality of the circumstances it is apparent the defendant subjectively understood the implications of his plea, the plea should not be vacated. Id. We review this issue de novo. State v. Sample, Cuyahoga App. No. 81357, 2003-Ohio-2756. Foster argues that the trial court did not adequately explain the offenses to him and the court could not have determined that Foster had a full understanding of the charges. We disagree.
 {¶ 7} The record reveals that the trial court adequately complied with Rule 11(C). The court addressed Foster personally, advising him of the rights that he was relinquishing by his guilty plea. The court concluded: "Mr. Foster, the Court accepts all of the pleas of guilty and makes findings of guilt as well as findings of voluntariness." Further, both Foster and his attorney indicated that the plea agreement was being entered into willingly, voluntarily, and intelligently.
 {¶ 8} Appellant also argues that the court failed to adequately explain the 11 offenses with which Foster was charged. However, "the court need not always recite the elements of the crime as long as the totality of the circumstances surrounding the plea are such that the court is warranted in making the determination that the defendant understands the charge." Foster, supra. Under the circumstances of this case, it is clear that the court acted properly, having determined Foster subjectively understood the implications of his plea.
 {¶ 9} Appellant's first assignment of error is overruled.
 II. {¶ 10} In his second assignment of error, Foster argues that "the trial court erred in sentencing appellant to consecutive sentences on the firearm specifications." For the reasons stated below, Foster's second assignment of error is granted.
 {¶ 11} Foster argues that under R.C. 2929.14(D)(1)(a)(i) he can only be sentenced to one firearm specification for each of the five separate incidents. Foster asks this court to vacate and remand his case for resentencing to allow the trial court to merge all firearm specifications which occurred as part of the same transaction. We find merit to this assignment of error and vacate and remand the sentence imposed by the trial court.
 {¶ 12} "The court has held that where a defendant is convicted of two offenses, not allied offenses of similar import, but arising out of the same act or transaction, the trial court may impose only one firearm specification under R.C. 2929.14(D)(1)(a)(i)." State v. Mallet (Aug. 17, 2000), Cuyahoga App. No. 76608. "Firearm specifications are not in and of themselves offenses, they are specifications attached to various offenses that enhance the penalty." Id.
 {¶ 13} Under R.C. 2929.14(D)(1)(a)(i), any additional terms of incarceration, including firearm specifications, are limited where multiple felonies are committed as part of the same transaction. We must, therefore, determine whether the multiple offenses arising out of these five separate incidents were "committed as part of the same act or transaction." Having reviewed the record and the arguments presented, we are unable to determine the factual circumstances under which each felony occurred.
 {¶ 14} For example, Foster pled guilty to three crimes that occurred on March 26, 2001; namely, aggravated robbery and two felonious assaults. Count four, felonious assault, occurred against one Leonard Goldsmith. Count five, the second felonious assault, concerned Willie Naylor. Because the state's brief is devoid of any facts, and due to the lack of specifics in Foster's brief, we are unable to determine whether or not the events of March 26, 2001 were committed as part of the same act or transaction.[2]
 {¶ 15} Under the facts as presented to us, and without the guidance of a trial transcript[3], we are compelled to find that the trial court incorrectly ordered consecutive sentences on the firearm specifications.
 {¶ 16} Therefore, we reluctantly vacate and remand for resentencing as to the firearm specifications.
 {¶ 17} Appellant's second assignment of error is sustained.
Sentence vacated and remanded for resentencing.
The sentence is vacated, and this cause is remanded for resentencing.
PATRICIA A. BLACKMON, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Including attempted murder, multiple aggravated robberies and felonious assaults.
[2] We find that only the offense committed on June 3, 2001 and the sentence imposed to be correct because the aggravated robbery was the lone offense. The one-year gun specification was properly included as part of Foster's sentence. The remaining incident dates each contain multiple offenses to which we are unable to factually determine whether the offenses arose from the same act or transaction. Hence, Foster must be resentenced.
[3] As this appeal stems from a plea agreement, only the plea and sentencing transcripts are available. As such, there is little or no factual background of this case in the record.