JOURNAL ENTRY and OPINION
{¶ 1} Michael Foster has filed an application for reopening pursuant to App.R. 26(B). Foster is attempting to reopen the appellate judgment that was rendered in State v. Foster,
Cuyahoga App. No. 82207, 2003-Ohio-5636, which affirmed his guilty plea to the offenses of attempted murder, aggravated robbery, and felonious assault, but remanded for resentencing. We decline to reopen Foster's appeal for the following reasons.
 {¶ 2} The doctrine of res judicata prevents this court from reopening Foster's appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Foster possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel upon appeal to the Supreme Court of Ohio. Foster, however, failed to file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any reason as to why no such appeal was taken to the Supreme Court of Ohio.State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408. Foster has also failed to demonstrate why the circumstances of his appeal render the application of the doctrine of res judicata unjust. Thus, we find that the doctrine of res judicata prevents this court from reopening Foster's appeal.
 {¶ 4} In addition, a substantive review of Foster's brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes
(1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v.Grimm (1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v.Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339. Also, Foster must establish the prejudice which results from the claimed deficient performance of appellate counsel. Finally, Foster must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different.State v. Reed (1996), 74 Ohio St.3d 534, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Foster must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 5} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, at 25.
 {¶ 6} Herein, Foster has failed to demonstrate the existence of ineffective assistance of appellate counsel. In an attempt to establish ineffective assistance of counsel, he raises three separate assignments of error which should have been raised on appeal:
 {¶ 7} "I. Trial court erred in accepting appellant's plea of guilty as it was not entered knowingly, intelligantly [sic] and voluntarily.
 {¶ 8} "II. Trial counsel was ineffective by failing to raise the issues of appellant's physical safety in county jail before the trial court.
 {¶ 9} "III. Appellant counsel [sic] was ineffective by failing to raise genuine Constitutional issues of the appellant in violation of appellant's Sixth Amendment right of the U.S. Constitution."
 {¶ 10} Foster, through his three proposed assignments of error argues that his guilty plea was not entered in a voluntary, knowing, or intelligent manner. Foster, however, has failed to demonstrate a genuine issue as to whether he was deprived of the effective assistance of appellate counsel as mandated by App.R. 26(B) (5. The issue of whether Foster's plea of guilty was entered in a voluntary, knowing, and intelligent manner was previously raised on appeal and found to be without merit and is thus barred from further review upon application of the doctrine of res judicata. Strickland v. Washington, supra; State v.Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v.Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. In addition, Foster has failed to demonstrate that the condition of his physical safety adversely affected his decision to enter a plea of guilty or that any right, as provided under theSixth Amendment to the United States Constitution, was violated. Foster has failed to demonstrate that the outcome of his appeal would have been different had appellate counsel raised the three proposed assignments of error.
Accordingly, Foster's application for reopening is denied.
Dyke and Cooney, JJ., concur.