[Cite as *State v. Foster*, 2011-Ohio-3582.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 95586

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## MICHAEL FOSTER

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-426781

**BEFORE:**   Blackmon, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   July 21, 2011

**ATTORNEY FOR APPELLANT**

Michael Foster, Pro Se
Inmate No. 423-695
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Matthew E. Meyer
Thorin O. Freeman
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Michael Foster, Pro Se, appeals his sentence and assigns the following errors for our review:

"I. The trial court erred in accepting appellant's plea of guilty due to ineffective assistance of counsel."

"II. The trial court erred in refusing to rule on appellant's pro se motions for appointment of new counsel, and then faulting the appellant for the court's error in not ruling on the pro se motions."

"III. Prosecutor's misconduct, more ineffective assistance of counsel"

"IV. The trial court erred in allowing multiplicity of indictments."

**{¶ 2}** Having reviewed the record and pertinent law, we affirm Foster's conviction and sentence. The apposite facts follow.

**{¶ 3}** Foster's tortuous procedural history is sufficiently contained in previous decisions from this court, the Northern District of Ohio, and the Ohio Supreme Court. *State v. Foster*, Cuyahoga App. No. 82207, 2003-Ohio-5636; *State v. Foster*, Cuyahoga App. No. 82207, 2004-Ohio-2400; *State v. Foster*, 103 Ohio St.3d 1465, 2004-Ohio-5056, 815 N.E.2d 679; *Foster v. Money* (Nov. 8, 2007), N.D. Ohio No. 1:05 CV 1009; *State, ex rel., Foster v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 91965, 2008-Ohio-6645, and *State v. Foster*, Cuyahoga App. No. 95209, 2011-Ohio-2781. Consequently, our discussion will be limited to his most recent claim.

**{¶ 4}** On August 21, 2002, a Cuyahoga County Grand Jury indicted Foster on 18 counts, including attempted murder, multiple aggravated robberies and felonious assaults, stemming from five separate incidents. On October 7, 2002, Foster pleaded not guilty at his arraignment and several pretrials followed.

**{¶ 5}** On November 13, 2002, pursuant to an agreement with the state, Foster withdrew his not guilty pleas, pleaded guilty to 11 of the 18 charges,

and the state nolled the remaining counts. The trial court accepted Foster's plea and sentenced him to a total of 84 years in prison.

{¶ 6} On his direct appeal, Foster argued his pleas were not knowingly, voluntarily, and intelligently made. Foster also argued the trial court erred in imposing consecutive sentences on the firearm specifications. We affirmed Foster's guilty pleas to the offenses of attempted murder, aggravated robbery, and felonious assault, but remanded for resentencing because the record failed to support the consecutive sentences on the firearm specifications. *State v. Foster*, Cuyahoga App. No. 82207, 2003-Ohio-5636.

{¶ 7} On April 2, 2004, the trial court resentenced Foster, merged the various firearm specifications, and imposed a 58-year prison term. Thereafter, Foster filed an application for reopening of our decision that affirmed his guilty pleas. In his application, Foster argued he was denied the effective assistance of counsel because appellate counsel failed to challenge the voluntariness of his plea on the basis that he pled guilty solely to escape the physically threatening conditions in the Cuyahoga County Jail.

{¶ 8} We declined to reopen Foster's appeal based on the doctrine of res judicata. *State v. Foster*, Cuyahoga App. No. 82207, 2004-Ohio-2400. Foster appealed to the Ohio Supreme Court, which declined review. On April 20,

2005, Foster filed a petition in the U.S. District Court for the Northern District of Ohio for a Writ of Habeas Corpus by a Person in State Custody.

{¶ 9} In the petition, Foster contended that the trial court erred when it accepted his guilty pleas despite notice that he was suffering assaults as a result of the state's failure to protect him from the general population inmates;[1] that trial counsel was ineffective for failing to better relate to the trial court his concerns, effectively forcing him to enter an involuntary plea to escape the violence; and that appellate counsel was ineffective for failing to challenge the voluntariness of his plea on the basis that it was entered solely to escape harm from the general population inmates at the county jail.

{¶ 10} On November 14, 2007, the United States District Court granted Foster a conditional writ of habeas corpus requiring that the trial court permit Foster to enter a new plea or to commence trial. *Foster v. Money* (Nov. 8, 2007), N.D. Ohio No. 1:05 CV 1009.

{¶ 11} On August 15, 2008, Foster filed a Motion for Discharge and for Final Unconditional Writ of Habeas Corpus. In the motion, Foster asked the U.S. District Court to change the conditional writ to an unconditional one and discharge him from criminal liability for the indicted offenses because the

---

[1]Foster was placed in protective custody based on his having saved several prison guards during the infamous 1993 Lucasville prison riot.

State of Ohio had missed the deadline for setting a trial by 20 days. The U.S. District Court denied Foster's request.

{¶ 12} While Foster was filing the aforementioned appeals and petitions, the victim of the attempted murder, Anwar Hamed, died as a result of the injuries sustained. Subsequently, a grand jury indicted Foster for Hamed's murder, a jury trial was conducted, Foster was found guilty, and we affirmed his conviction. *State v. Foster*, Cuyahoga App. No. 95209, 2011-Ohio-2781.

{¶ 13} On May 3, 2010, a resentencing hearing was conducted as mandated by the conditional writ of habeas corpus granted by the U.S. District Court. In exchange for an 18-year prison sentence, with credit for time served, and to be served concurrently with the sentence for the murder conviction, Foster pleaded guilty to aggravated robbery, attempted aggravated murder, felonious assault, kidnapping, and possession of criminal tools. The state dismissed the remaining charges.

{¶ 14} On May 5, 2010, the trial court imposed the 18-year agreed upon prison sentence, gave Foster nine years credit for time served, and ordered the sentence to be served concurrently to the sentence for the murder conviction. Foster now appeals.

**Guilty Plea**

{¶ 15} In the first assigned error, Foster argues that his pleas were based on ineffective assistance of counsel and, therefore, were not knowingly made. We disagree.

{¶ 16} Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." *State v. Walz*, 2d Dist. No. 23783, 2011-Ohio-1270, quoting *McMann v. Richardson* (1970), 397 U.S. 759, 751. The facts of this case fail to show that Foster received ineffective assistance of counsel pursuant to *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Strickland* requires a defendant to show, first, that counsel's representation fell below an objective standard of reasonableness and, second, a reasonable probability that, but for counsel's perceived errors, the results of the proceeding would have been different. Id.

{¶ 17} In the instant case, Foster argues defense counsel was ineffective because he failed to communicate with him, failed to have him resentenced within 120 days of the U.S. District Court's order, and allowed Ohio's speedy trial to be violated. The record belies these assertions.

{¶ 18} The following exchange took place at the plea hearing:

"The Court: Has anyone, including the Court, your counsel, the prosecutor, anyone made any promises or threats besides what has been put on this record to force you or induce you into entering into this plea?

"The Defendant: Only promise that I'm aware of, and I want to make sure that I got it right, that it's a total of 18 year sentence with nine years time served. I was arrested September 13, 2001. And I'm also under the impression that there is no more gun specification being attached to this.

"The Court: Well, the sentence would be 18 years total. The three years would be included in the 18 total. And you've already served three.

"The Defendant: Additional?

"The Court: There is no additional gun specification on this case.

"* * *

"The Court: Now, let me ask you this, again, Mr. Foster, is this plea voluntarily made of your own free will?

"The Defendant: Yes.

"* * *

"The Court: Mr. Foster, okay I'm satisfied, number one, that you clearly understand the nature of the charges against you, that you understand all your constitutional rights that you have. I'll accept your pleas of guilty here. * * *" Tr. 19-21.

{¶ 19} Here, it is clear from the above excerpt, and elsewhere in the record, that Foster fully understood the nature of his pleas. Foster was motivated by the agreed upon 18-year sentence, with nine years of time served, to run concurrently with the prison sentence for the murder conviction in the separate case. He also wanted to make sure that there would be no additional firearm specification.

**{¶ 20}** In addition, Foster's assertions that defense counsel caused Ohio's speedy trial statute to be violated is also unfounded. Foster received the following response when he filed a Motion for Discharge and for Final Unconditional Writ of Habeas Corpus:

> "My order conditionally granting the writ of habeas corpus contemplated only a deadline by which the state court was to schedule a trial or Foster was to enter a new plea. The docket clearly shows, and I find, that it is not any action by the State that resulted in the trial not being scheduled by my deadline. Rather, it was Foster's own requests for continuances of the February 7, 2008 pretrial conference — and his request on March 6, 2008 for new counsel — that resulted in the trial being scheduled one week after my deadline. Furthermore, because Foster agreed to trials in June and September 2008, I conclude that he can show no prejudice." *Foster v. Money* (Sept. 4, 2008), N.D. Ohio No. 1:05 CV 1009.

**{¶ 21}** Based on the foregoing and our thorough review of the transcripts of the plea hearing, we find that Foster's pleas were entered knowingly, intelligently, and voluntarily. We also find no merit in Foster's assertions that he was denied the effective assistance of counsel. As such, the trial court did not err by accepting his pleas. Accordingly, we overrule the first assigned error.

## Motion to Appoint New Counsel

**{¶ 22}** In the second assigned error, Foster argues the trial court erred by failing to rule on his motions for appointment of new counsel.

**{¶ 23}** Initially, we note, in order to justify the discharge of court-appointed counsel, an indigent defendant must show "good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict that leads to an apparently unjust result." *State v. Coleman*, Cuyahoga App. No. 94866, 2011-Ohio-341, quoting *State v. Pruitt* (1984), 18 Ohio App.3d 50, 480 N.E.2d 499.

**{¶ 24}** Here, as discussed earlier, Foster knowingly pleaded guilty pursuant to an agreement with the state, whereby he obtained an agreed upon sentence of 18 years, with nine years credit for time served. The sentence was ordered to be served concurrently with the sentence for the murder conviction in a separate case. Said plea agreement was brokered by the defense counsel, whom Foster now complains was ineffective. As discussed above, we found no evidence of deficiency in counsel's performance on behalf of Foster. Accordingly, we overrule the second assigned error.

## Prosecutorial Misconduct

**{¶ 25}** In the third assigned error, Foster argues that the prosecutor withheld a written statement from Anwar Hamed, the victim in the murder case, who indicated that another person shot him. Since Foster's allegation relates to the murder trial and not to the guilty pleas he entered in the instant

appeal, we decline to address this issue.   Accordingly, we overrule the third assigned error.

## Duplicate Indictments

{¶ 26} In the fourth assigned error, Foster argues that the state was guilty of misconduct and defense counsel was ineffective for failing to object to duplicate indictments.   Foster now contends that he pleaded guilty because of the duplicate indictments.   We find no merit to Foster's assertions.

{¶ 27} As previously discussed, the record indicates that Foster knowingly, intelligently, and voluntarily pleaded guilty in the instant case in exchange for an agreed upon 18 year sentence, with nine years credit for time served, to be served concurrently to the sentence for the murder conviction. Further, the record indicates that the charges, which Foster claims were duplicated, were dismissed by the state.   Accordingly, we overrule the fourth assigned error.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   The defendant's conviction having been affirmed,

any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR