[Cite as *State v. Warner*, 2011-Ohio-4096.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95750

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEREK WARNER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539458

**BEFORE:** Boyle, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio    44145

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Gregory Mussman
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J.   BOYLE, P.J.:

{¶ 1}  Defendant-appellant, Derek Warner, appeals his conviction, arguing that there was insufficient evidence and that his conviction was against the manifest weight of the evidence.  He also argues that the trial court erred in admitting other acts evidence and further challenges the juvenile court's decision binding him over to common pleas court.   We affirm.

Procedural History and Facts

**{¶ 2}** Warner, who was 17 years of age at the time of the offenses, was charged in juvenile court but subsequently bound over to common pleas court. The grand jury then returned a six-count indictment against Warner for the following charges: (1) burglary, in violation of R.C. 2911.12(A)(2), a second degree felony; (2) theft, in violation of R.C. 2913.02(A)(1), a fifth degree felony; (3) vandalism, in violation of R.C. 2909.05, a fifth degree felony; (4) criminal damaging, in violation of R.C. 2909.06, a misdemeanor of the second degree; and (5) two counts of bribery, in violation of R.C. 2921.02(C), third degree felonies. Warner pleaded not guilty to the charges, and the matter proceeded to a jury trial. The following evidence was presented:

**{¶ 3}** On November 18, 2009, around 8:30 in the morning, two individuals broke into a home located on Kildeer Avenue in Cleveland. Shanay Ball was downstairs in the basement working on her computer at the time of the break-in. Ball testified that she heard a loud bang and went upstairs to investigate. The perpetrators had broken into the side door of the house, leaving it open and blocking the basement door from fully opening. Ball "started banging on the door to get out" and apparently startled the two perpetrators, who dropped the flat screen television that was located in the

living room and ran out of the house. Through the six-to-eight-inch opening in the doorway, Ball, however, was able to see the two perpetrators, whom she recognized from the neighborhood. Although she knew the two perpetrators by their "street names" — "Lil'D" and "Mookie," she did not know their proper names in order to tell the police.

{¶ 4} The day following the incident, on November 19, Shanay positively identified Warner in a photo array as one of the perpetrators. She likewise identified Warner at trial.

{¶ 5} The state also offered the testimony of Shanay's younger sister, Shaneice Ball (age 17), and Shanay's niece, Tahjay King (age 15), both of whom lived at the Kildeer residence and were friends with Warner. Both girls testified that Warner admitted to being involved in the burglary, albeit, solely as a "lookout," and had attempted to apologize following the incident.

{¶ 6} Shaneice further testified that Warner gave her $100, which she perceived to be part of his apology. Tahjay corroborated Shaneice's testimony, indicating that Warner had told her that he gave Shaneice $100 and further told her that he wanted to give money to Tahjay's mother as well. According to Tahjay, Warner also instructed Tahjay to tell her mother not to appear in court because the burglary was not his fault. He stated that he

would never have pursued the burglary if he knew someone was going to be home.

**{¶ 7}** Through the testimony of the city of Cleveland and the city of Euclid police detectives and police officers, the state further established that Warner was spotted on November 18, 2009, hours after the burglary, driving a minivan that had been reported as being involved in a Cleveland burglary. Upon being flagged to pull over, Warner fled the vehicle and was later found hiding in a Euclid resident's garage. Upon Warner's being arrested, the police confiscated his cell phone. The police subsequently obtained a search warrant to go through the cell phone and retrieved photographs and texts sent from the phone, which included a picture of Warner with stacks of cash and the text "Lil'D."

**{¶ 8}** Warner offered one witness in support of his defense—Cleveland police officer Francisco Cruz. Cruz testified that he was the first officer to respond to the scene of the burglary on Kildeer. According to Cruz, Shanay told him that two young, light-skinned males burglarized her home but did not indicate that she knew the two perpetrators.

**{¶ 9}** The jury found Warner not guilty of the two counts of bribery but guilty of the remaining charges. The trial court subsequently sentenced

Warner to six years in prison and notified him that he would be subject to a mandatory three-year period of postrelease control upon completion of his sentence.

{¶ 10} Warner appeals, raising the following four assignments of error:

{¶ 11} "[I.]   The trial court erred in denying appellant's criminal rule 29 motion for acquittal where there was insufficient evidence to prove identification of appellant.

{¶ 12} "[II.]   The appellant's conviction for burglary under O.R.C. 2911.12(A)(2) was against the manifest weight of the evidence.

{¶ 13} "[III.]   The trial court erred in admitting prejudicial other acts and character type evidence.

{¶ 14} "[IV].   The juvenile court erred in finding that appellant was not amenable to care and rehabilitation in the juvenile justice system, improperly transferring/binding over appellant to the criminal division, common pleas court."

## Sufficiency and Weight of the Evidence

{¶ 15} In his first assignment of error, Warner contends the state's evidence was not sufficient to convict him of any of the offenses because the identification evidence tying Warner to the offenses was simply unreliable.

In his second assignment of error, he maintains that the jury lost its way in convicting him of the charges because "his identity was not established." We disagree.

{¶ 16} When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶77, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. In reviewing a claim challenging the manifest weight of the evidence, "[t]he question to be answered is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) *Leonard*, 104 Ohio St.3d at ¶ 81.

**{¶ 17}** The gravamen of Warner's first two assignments of error is that the state failed to present reliable identification evidence to establish that he was one of the perpetrators. Specifically, he contends that the victim had insufficient time and a limited view of the perpetrators to make a reliable identification and that the victim failed to provide the names of either perpetrator to the responding officer on the scene, despite her knowing Warner and the other alleged burglar. We find Warner's argument, however, misplaced. Here, the state presented the testimony of Shanay, who positively identified Warner as one of the perpetrators. Her testimony alone was enough to establish identification to survive a Crim.R. 29 motion for acquittal.

**{¶ 18}** To the extent that Warner attacks Shanay's credibility in identifying him as one of the perpetrators, the jury heard and considered these arguments at trial. Notably, contrary to the defense's sole witness at trial, Shanay testified that she did tell the street names of the perpetrators to the reporting officer on the scene. We cannot say that the jury "lost its way" simply because it found Shanay's testimony credible. Moreover, aside from Shanay's testimony, the state offered testimony of two other witnesses who established that Warner admitted to being involved in the burglary. Based

on the record before us, again, we cannot say that this is the exceptional case where the jury clearly lost its way.

{¶ 19} The first two assignments of error are overruled.

<u>Other Acts Evidence</u>

{¶ 20} In his third assignment of error, Warner argues that the trial court erred in allowing the admission of text messages and photos taken from his cell phone. He contends that the evidence served no purpose other than to attack his character because the texts "strongly implied gangster or criminal conduct."

{¶ 21} The standard of review regarding the admissibility of any such evidence is abuse of discretion. *State v. Sanford*, 8th Dist. No. 84478, 2005-Ohio-1009, ¶10, citing *State v. Montgomery* (1991), 61 Ohio St.3d 410, 575 N.E.2d 167.

{¶ 22} Evid.R. 404(B) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The listed exceptions within Evid.R. 404(B) are not exclusive, and other acts evidence not fitting

within the enumerated categories may be admissible so long as the evidence is admitted for any proper purpose other than proving the defendant's propensity to act and conformity with a particular trait of his character. *State v. Smith* (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190.

{¶ 23} Additionally, before allowing the admission of any relevant evidence, a trial court must comply with Evid.R. 403(A), which expressly requires the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶ 24} Warner specifically contends that the trial court should not have allowed the admission of the photographs retrieved from his cell phone wherein he is holding stacks of money, and there are various phrases stated below the photographs, including "Money TalkZ" and "Lil'D." The trial court allowed the admission of these exhibits, finding that they were admissible for the purpose of proving Warner's identity, i.e., that Warner was Lil'D. The trial court further agreed with the state that the stacks of money were relevant and admissible for showing that Warner, despite being only 17 years of age, had the means to bribe the victims. Under these circumstances, we fail to find an abuse of discretion.

**{¶ 25}** Even assuming that the trial court should have excluded the photographs and texts retrieved from the telephone, we find that their admission was harmless error. "An error in the admission or exclusion of evidence is properly considered harmless error if it does not affect a substantial right of the accused." *State v. Condon*, 152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696, ¶80, citing Crim.R. 52(A). As discussed above, aside from the eyewitness identification testimony wherein Warner was positively identified by someone who knew him, the state further offered Warner's own admissions made to other witnesses wherein he expressly acknowledged being involved in the burglary. Therefore, even if these exhibits had been excluded, we find that the record contains substantial evidence to support the convictions.

**{¶ 26}** The third assignment of error is overruled.

<u>Bindover Proceedings</u>

**{¶ 27}** In his final assignment of error, Warner argues that the juvenile court erred in determining that he was not amenable to care and rehabilitation in the juvenile justice system and therefore improperly transferred him over to common pleas court to be tried as an adult. We disagree.

**{¶ 28}** A juvenile court's relinquishment of jurisdiction in a discretionary transfer proceeding pursuant to R.C. 2152.12(B) is reviewed under an abuse of discretion standard. *State v. Flagg*, Cuyahoga App. Nos. 93248 and 93249, 2010-Ohio-4247, ¶26, citing *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629.

**{¶ 29}** "In a discretionary transfer proceeding, the juvenile court must first determine the age of the juvenile and whether probable cause exists to believe that he committed the alleged act. R.C. 2152.12(B)(1) and (2). The court must then determine whether the juvenile is amenable to rehabilitation within the juvenile justice system and whether the juvenile should be subject to adult sanctions in order to protect the community. R.C. 2152.12(B)(3). See, also Juv.R. 30." *State v. Grimes*, 2d Dist. No. 2009-CA-30, 2010-Ohio-5385, ¶15.

**{¶ 30}** Here, the record reveals that the juvenile court first held a probable cause hearing but then never held an amenability hearing. We find, however, that Warner, through his counsel, waived the amenability hearing. See *State v. Soke* (July 15, 1993), 8th Dist. No. 62908 (recognizing that the amenability hearing may be waived). We therefore cannot say that

the juvenile court abused its discretion in transferring the case to the common pleas division.

{¶ 31} The final assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR