[Cite as *State v. Warner*, 2012-Ohio-256.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95750**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEREK WARNER**

DEFENDANT-APPELLANT

**JUDGMENT:**
**APPLICATION DENIED**

Cuyahoga County Common Pleas Court
Case No.CR-539458
Application for Reopening
Motion No. 448587

**RELEASE DATE:** January 24, 2012

**FOR APPELLANT**

Derek Warner
Mansfield Correctional Inst.
Inmate #952-912
P. O. Box 8107
Mansfield, OH   44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, OH 44113

MARY EILEEN KILBANE, P.J.:

{¶ 1}   Derek Warner has filed a timely application for reopening pursuant to App.R. 26(B).   Warner is attempting to reopen the appellate judgment, as rendered in *State v. Warner*, Cuyahoga App. No. 95750, 2011-Ohio-4096, which affirmed his conviction for the offenses of burglary (R.C. 2911.12(A)(2)), theft (R.C. 2913.02(A)(1)), vandalism (R.C. 2909.05), and criminal damaging (R.C. 2909.06).   We decline to reopen Warner's original appeal.

{¶ 2}   In order to establish a claim of ineffective assistance of appellate counsel, Warner must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different.   *State v.*

*Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.  Specifically, Warner must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal."  App.R. 26(B)(5).

{¶ 3}  "In *State v. Reed* [supra, at 458] we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful.  Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal."  *State v. Spivey*, 84 Ohio St.3d 24, 25,1998-Ohio-704, 701 N.E.2d 696.

{¶ 4}  It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless.  *Jones v. Barnes*, 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308 (1983).  Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal.  *Id., State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶ 5}  In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential.  The court further stated that it is too tempting for a defendant/appellant to second-guess his attorney after conviction and

appeal and that it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Barnes*, supra.

{¶ 6} In the case sub judice, Warner raises two proposed assignments of error in support of his claim of ineffective assistance of appellate counsel:

{¶ 7} (1) "Appellate counsel, Michael Maloney was ineffective for failing to bring up key points which occurred at trial which could have further supported appellant Derek Warner defense."; and

{¶ 8} (2) "Trial counsel, Ms. Dobroshi was ineffective for failure to fully prepare for trial, and for failure to bring up key evidence during the trial which could have further supported defendant's Derek Warner innocence and defense, which caused the trial counsel to be ineffective during the trial."

{¶ 9} Warner, however, has failed to present any substantive argument, with regard to his two proposed assignments of error, that demonstrates how appellate counsel's performance was deficient and that he was prejudiced by appellate counsel's

claimed deficiency.

{¶ 10} In *State v. Kelly*, 8th Dist. No. 74912, 1999 WL 1044494 (Nov. 18, 1999), reopening disallowed (June 21, 2000), this court established that the mere recitation of assignments of error, without substantive argument, is not sufficient to meet the burden to prove that applicant's appellate counsel was deficient for failing to raise the issues he now presents or that there was a reasonable probability that he would have been successful if the present issues were considered in the original appeal. *State v. Gaughan*, 8th Dist. No. 90523, 2009-Ohio-955, reopening disallowed, 2009-Ohio-2702. See, also, *State v. Mosely*, 8th Dist. No. 79463, 2002-Ohio-1101, reopening disallowed, 2005-Ohio-4137; *State v. Dial*, 8th Dist. No. 83847, 2004-Ohio-5860, reopening disallowed 2007-Ohio-2781; *State v. Ogletree*, 8th Dist. No. 86500, 2006-Ohio-2320, reopening disallowed, 2006-Ohio-5592; *State v. Huber*, 8th Dist. No. 80616, 2002-Ohio-5839, reopening disallowed, 2004-Ohio-3951. The failure of Warner to present any substantive argument with regard to his two proposed assignments of error results in the inability to demonstrate that his counsel was deficient and that he was prejudiced by the alleged deficiencies.

{¶ 11} It must also be noted that Warner's claims of ineffective assistance of both appellate counsel and trial counsel, as predicated upon the failure to introduce evidence during the course of trial, failure to subpoena witnesses, and a request for continence of trial, involved strategic choices of counsel that fell within the realm of trial strategy and tactics that will not ordinarily be disturbed on appeal. *State v. Pasqualone*, 121 Ohio

St.3d 186, 2009-Ohio-315, 903 N.E.2d 270; *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263. Warner has failed to demonstrate the prejudice that resulted from the strategic decisions as made by trial counsel during the course of trial or that the outcome of his appeal would have been different had the issues been raised on appeal. *State v. Spivey*, supra, 701 N.E.2d 696; *State v. Reed*, supra, 660 N.E.2d 456. Thus, we find that Warner has failed to establish that appellate counsel was ineffective on appeal through his two proposed assignments of error.

{¶ 12} Accordingly, the application for reopening is denied.



MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA A. BLACKMON, A.J., AND
FRANK D. CELEBREZZE, JR., J., CONCUR