[Cite as *State v. Foster*, 2012-Ohio-916.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95209**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL FOSTER

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-514430
Application for Reopening
Motion No. 447325

**RELEASE DATE:** March 7, 2012

**FOR APPELLANT**

Michael Foster, pro se
Inmate No. 423-695
Marion Correctional Inst.
P. O. Box 57
Marion, OH   43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Diane Smilanick
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} In *State v. Foster*, Cuyahoga Cty. Court of Common Pleas Case No. CR-514430, applicant, Michael Foster, was convicted of murder and two counts of aggravated robbery, each with one-year and three-year firearm specifications and repeat violent offender specifications, as well as receiving stolen property and having weapons while under a disability. This court affirmed that judgment in *State v. Foster*, 8th Dist. No. 95209, 2011-Ohio-2781. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Foster*, 130 Ohio St.3d 1418, 2011-Ohio-5605, 956 N.E.2d 309.

{¶2} Foster has filed with the clerk of this court a timely application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error on appeal the trial court's delay in responding to Foster's request for appointment of counsel and whether trial counsel was ineffective. The state filed a brief in opposition to Foster's application, but did not directly address any of his five proposed assignments of error. Nevertheless, we deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Foster has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d

24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Id*. at 25. Foster cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶4} In his first proposed assignment of error, Foster complains that the trial court did not timely rule on his request for appointment of new counsel filed on June 17, 2009.[1] In open court, the trial court considered Foster's motion on March 9, 2010, prior to commencing trial. *See* Transcript, at 95-104. The trial court provided Foster an extensive opportunity to present argument supporting his request to remove his two attorneys. The trial court denied the motion in open court and issued a journal entry disposing of that motion and others on March 10, 2010.

---

[1] Although Foster attaches a copy of a different motion to remove counsel to his application for reopening, that motion was filed in *State v. Foster*, Cuyahoga Cty. Court of Common Pleas Case No. CR-426781. See the discussion of Foster's second proposed assignment of error below.

**{¶5}** Foster does not provide this court with any controlling authority which requires the conclusion that he was prejudiced by the timing of the trial court's ruling or the ruling itself. Likewise, he does not provide this court with any authority requiring the then-administrative judge of the court of common pleas to act on his request for new counsel. As a consequence, Foster's first proposed assignment of error is not well taken.

**{¶6}** Foster's indictment stemmed from the robbery of Miles Eagle Supermarket ("Miles store"). During the robbery, the victim, Anwar Hamed, was shot. Hamed told police at least two men entered the store and "the men took his gun, wallet, and credit cards." *State v. Foster*, 8th Dist. No. 95208, 2011-Ohio-2781, at ¶ 14.

**{¶7}** In his second proposed assignment of error, Foster argues that trial counsel was ineffective for failing to assert prosecutorial misconduct because the state did not provide Hamed's statement to the defense until after Hamed died, more than five years after the robbery. On direct appeal, this court considered in detail Hamed's statement, the evidence at trial regarding the investigation of the individual identified in the statement as the shooter and the evidence which led to Foster's prosecution. *Id*. at ¶ 13, et seq. Ultimately, this court concluded that "there was overwhelming evidence to convict [Foster]." *Id.* at ¶ 65.

**{¶8}** Foster acknowledges receiving the victim's statement in 2008. His trial was in 2010. He has not demonstrated that his appellate counsel was deficient or that he was prejudiced by the absence of an assignment of error asserting the ineffectiveness of trial counsel regarding the victim's statement.

{¶9} Foster also complains about events which occurred in a different case, *State v. Foster*, Cuyahoga Cty. Court of Common Pleas Case No. CR-426781 *after* his conviction in the underlying case in this appeal, Case No. CR-514430. In Case No. CR-426781, Foster was indicted for attempted murder of Hamed prior to Hamed's death. *See State v. Foster*, 8th Dist. No. 95586, 2011-Ohio-3582, at ¶ 12. Foster entered a guilty plea in Case No.CR-426781 and, through a convoluted procedural history, was resentenced in Case No. CR-426781 after the trial court entered judgment in the underlying case in this appeal, Case No. CR-514430. *Id*. at ¶ 3. Obviously, a later-occurring event in Case No. CR-426781 does not provide a basis for reopening in this appeal.

{¶10} As a consequence, Foster's second proposed assignment of error is not well taken.

{¶11} As part of the investigation which led to Foster's indictment, police reviewed K-mart security camera videos showing individuals in the check-out line at almost the exact time Hamed's credit card was used. The prosecution contended that Foster was the person wearing a Baltimore Ravens hat and using Hamed's credit card. In his third proposed assignment of error, Foster contends that trial counsel was ineffective for failing to have a DNA test done on the hat.

{¶12} The hat along with wigs were found above the ceiling tile in a motel room where Foster's brother, Lamont Foster, was staying. *Id.* at ¶ 25. Lamont Foster testified that the Baltimore Ravens hat belonged to applicant, Michael Foster. On

cross-examination of a police officer who went to Lamont Foster's motel room, Michael Foster's defense counsel noted that the sweat band in the Baltimore Ravens cap was stained. Counsel asked the officer if DNA testing had been done on the cap. The officer said he did not do DNA testing.

{¶13} It is well established that sound trial strategy does not provide a basis for reopening. *See, e.g.*, *State v. Warner*, 8th Dist. No. 95750, 2011-Ohio-4096, reopening disallowed, 2012-Ohio-256, at ¶ 5. Trial counsel could have been attempting to create doubt as to who had worn the Baltimore Ravens hat by requiring the officer to admit that DNA testing was not done. Counsel's question necessarily challenges the state to prove that Michael Foster *did* wear the hat. Yet, Michael Foster's argument ignores the fact that the burden of proof is on the state and suggests that it was his counsel's duty to affirmatively demonstrate that he *did not* wear the hat.

{¶14} As a consequence, Foster's third proposed assignment of error is not well taken.

{¶15} In his fourth proposed assignment of error, Foster argues that trial counsel was ineffective for failing to seek suppression of his statements regarding other robberies. The list of exhibits includes a statement by Michael Foster, Exhibit 146. In the statement, Foster describes his having watched his brothers Lamont Foster and Gilbert Foster rob the Miles store from across the street. He stated that Lamont shot Hamed. The list of exhibits also indicates that this statement was not received into evidence.

**{¶16}** Foster relies on Exhibit 13 to his application, an affidavit filed in Case No. CR-426781. Obviously, this filing is outside the record in the underlying case, Case No. CR-514430. Matters outside the record do not provide a basis for reopening. *See, e.g.*, *State v. Waltzer*, 8th Dist. No. 94444, 2011-Ohio-594, reopening disallowed, 2011-Ohio-5147, at ¶ 6.

**{¶17}** As a consequence, Foster's fourth proposed assignment of error is not well taken.

**{¶18}** In his fifth proposed assignment of error, Foster contends that trial counsel was ineffective for failing to object to the trial court's instructions to the jury. Specifically, Foster notes that the jury instructions did not include a cautionary instruction regarding the testimony of Lamont Foster, an accomplice.

**{¶19}** On direct appeal, this court held that the trial court's failure to give the instruction required by R.C. 2923.03(D) was harmless error. *See* 2011-Ohio-2781, ¶ 59, et seq. In its analysis, this court noted that

> there was overwhelming evidence to convict Michael. Months after the Miles store robbery, police found several items in Michael's house that were purchased with Hamed's credit card on the day he was shot. Hamed told police that his shooter had taken his credit card out of his wallet. Police obtained sales receipts from two stores where Hamed's credit card was used that contained UPC codes of the items purchased; many of these exact items were found in Michael's house. UPC codes on products are similar to fingerprints on people.

*Id*. at ¶ 65. Foster contends that UPC codes are not "fingerprints" and argues that the state did not prove that these household items were the exact items that were purchased

with Hamed's credit card. Of course, that was a factual matter for consideration by the jury.

{¶20} On direct appeal, this court considered whether the verdict was against the manifest weight of the evidence. *Id*. at ¶ 70, et seq. The judgment of this court was that the evidence did not weigh heavily against conviction. Foster's fifth proposed assignment of error is not well taken.

As a consequence, Foster has not met the standard for reopening. Accordingly, the application for reopening is denied.


MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, SR., J. AND
EILEEN A. GALLAGHER, J., CONCUR