[Cite as *State v. Durham*, 2012-Ohio-2053.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 94747**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROY A. DURHAM, JR.

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-525549
Application for Reopening
Motion No. 449591

**RELEASE DATE:** May 4, 2012

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, Ohio   44137

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: Kristen L. Sobieski
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Applicant, Roy A. Durham, Jr., is the defendant in *State v. Durham*, Cuyahoga C.P. No. CR-525549 (Feb. 1, 2010). This court affirmed his conviction in *State v. Durham*, 8th Dist. No. 94747, 2011-Ohio-2256.

{¶2} Durham filed an application for reopening *pro se*. Durham then retained counsel who filed a notice of appearance and a motion to supplement the application. On October 25, 2011, this court issued an order striking the 17-page *pro se* application and granting counsel leave to file an application in compliance with App.R. 26(B).

{¶3} Durham has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not adequately support arguments made on direct appeal. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶4} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Durham has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.

> In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984),

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal. *Id*. at 25.

{¶5} Durham was living with the victim in her apartment. He was accused of holding her captive in the apartment and inflicting various wounds upon her beginning on a Tuesday morning until the following Sunday when Cornelius White, the pastor of the victim's church, and two other members of the church came to the apartment inquiring after her.

{¶6} During his testimony at trial, White stated that the victim's father (who was dying) told him "to keep an eye out for her [the victim]." Tr. at 199. White explained that "ever since then that's all I been doing is making sure she [is] okay." *Id.*

{¶7} On direct appeal, appellate counsel argued in the second assignment of error that it was error to admit White's testimony regarding the father's statements because they were hearsay. This court rejected that argument.

{¶8} In his first claim in the application for reopening, Durham argues that his appellate counsel was ineffective because appellate counsel should have argued that the father's request "to keep an eye out for her" was unfairly prejudicial. *See* Evid. R. 403(A). That is, Durham contends that the testimony suggested that he was "a bad guy" and was inconsistent with his trial defense that the victim was uncooperative with the police. Application, at unnumbered 5.

{¶9} Other than citing Evid.R. 403(A), Durham does not provide this court with any other authority for concluding that appellate counsel's challenge to the admission of White's testimony was either deficient or prejudicial to Durham. Merely asserting error is not sufficient to demonstrate either appellate counsel's deficiency or prejudice. Durham's first claim is not well taken.

{¶10} In the fifth assignment of error on direct appeal, appellate counsel asserted the ineffective assistance of trial counsel. In his second claim, Durham complains that appellate counsel did not identify specific instances of trial counsel's conduct. Although Durham challenges trial counsel's failure to object when the trial court did not strike testimony or give a limiting instruction, the trial court did sustain trial counsel's objection to White's testimony that he was familiar with Durham's "antics." Tr. at 204.

{¶11} Similarly, trial counsel objected to White's saying he thought Durham was trying to get away from the police when Durham drove away from the apartment after White and others intervened. Trial counsel also asked that the testimony be stricken. Tr. at 216. The trial court sustained the objection. Nevertheless, Durham contends that trial counsel was ineffective for failing to insist that the court strike the testimony or issue a limiting instruction.

{¶12} In both instances, trial counsel objected and the trial court sustained the objection. Whether trial counsel could have requested the trial court to strike the testimony and/or issue a limiting instruction "involved strategic choices of counsel that fell within the realm of trial strategy and tactics that will not ordinarily be disturbed on

appeal." (Citations deleted.) *State v. Warner*, 8th Dist. No. 95750, 2011-Ohio-4096, reopening disallowed, 2012-Ohio-256, at ¶ 11. Durham's second claim of ineffective assistance of appellate counsel is not well taken.

{¶13} In his third claim of ineffective assistance of appellate counsel, Durham again refers to witness testimony. Witness Deborah Hayden testified that she had observed the victim as "physically abused." Tr. at 260. Trial counsel did not object. Hayden also stated that the victim had come to church wearing sunglasses. Tr. at 261. Although trial counsel's objection to the testimony regarding the victim's wearing sunglasses was sustained, Durham complains that trial counsel did not seek a limiting instruction.

{¶14} Durham also contends that White's testimony that Durham was mean and appeared to be living off the victim was inadmissible character evidence. Tr. at 223-224. *See* Evid.R. 404(A)(1). Trial counsel did not object.

{¶15} Once again, this court cannot presume to second-guess trial counsel's tactics. For example, White's testimony occurred during cross-examination. Shortly after the testimony which Durham now challenges, his trial counsel elicited from White that there was nothing unusual about Durham driving the victim's car.

{¶16} Durham has not provided this court with any controlling authority which requires that conclusion that appellate counsel was deficient or that Durham was prejudiced. Durham's third claim of ineffective assistance of appellate counsel is not well taken.

{¶17} In his final claim of ineffective assistance of appellate counsel, Durham observes that trial counsel requested a two-minute recess to interview a witness. Tr. at 486. Durham contends that "trial counsel made a hasty, uninformed and pressured decision not to present a defense." Application, at unnumbered 7. Durham does not, however, indicate anywhere in the record which substantiates his claim that trial counsel's decision was "hasty, uninformed and pressured." *Id.* "Matters outside the record do not provide a basis for reopening." *State v. Foster*, 8th Dist. No. 95209, 2011-Ohio-2781, reopening disallowed, 2012-Ohio-916, ¶ 16. Additionally, Durham has not demonstrated how counsel's trial strategy was deficient or prejudiced him. Durham's fourth and final claim of ineffective assistance of appellate counsel is not well taken.

{¶18} As noted above, this court previously issued an order striking Durham's original 17-page pro se application and granting counsel leave to file an application in compliance with App.R. 26(B). Appellant's counsel filed a "Notice of Defendant's Pro Se Supplemental Brief in Support [of] Motion to Re-Open Appeal" [supplemental brief] on March 22, 2012. Appellant's counsel also filed a supplemental affidavit on April 4, 2012.

{¶19} App.R. 26(B) does not authorize the filing of a supplemental brief and affidavit, both of which were filed without leave of court. Regardless, we have reviewed the arguments raised in the supplemental brief and find them to be without merit.

{¶20} Applicant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.


MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR