[Cite as *State v. Bolan*, 2012-Ohio-2381.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95807

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAYMOND BOLAN

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-531193
Application for Reopening
Motion No. 450162

**RELEASE DATE:** May 29, 2012

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
4403 St. Clair Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} In *State v. Bolan*, Cuyahoga C.P. No. CR-531193 (Sept. 30, 2010), applicant, Raymond Bolan, was found guilty by a jury and convicted of aggravated murder, murder, and felonious assault with respect to one victim and attempted murder and felonious assault with respect to another victim. He was also found guilty of one-year and three-year firearm specifications on each count. This court affirmed Bolan's convictions but vacated his sentence in part and remanded the case for resentencing with respect to the allied offenses of attempted murder and related felonious assault in *State v. Bolan*, 8th Dist. No. 95807, 2011-Ohio-4501. The Supreme Court of Ohio denied Bolan's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Bolan*, 131 Ohio St.3d 1414, 2012-Ohio-136, 959 N.E.2d 1058.

{¶2} Bolan has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of counsel because his counsel did not assign as error that trial counsel was ineffective. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate

that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5)." Bolan must prove that his counsel was deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, Bolan bears the burden of establishing that there was a "genuine issue" as to whether he has a " 'colorable claim' of ineffective assistance of counsel on appeal." *Id*. at 25. Applicant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶4} Bolan argues that his trial counsel was ineffective because trial counsel did not object to and/or acquiesced in the closure of the courtroom for the testimony of two state's witnesses and did not secure the attendance of a defense witness.

{¶5} On direct appeal, the sixth assignment of error asserted by appellate counsel challenged the propriety of the trial court's closing the courtroom during the testimony of two of the state's witnesses, including the trial court's instruction that Bolan was not to look at one of those witnesses. Appellate counsel argued that the trial court abused its discretion.

**{¶6}** In his application for reopening, Bolan argues that appellate counsel should have argued that trial counsel was ineffective because trial counsel did not object to the trial court's closure of the courtroom. In *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, the Supreme Court upheld the partial closure of the courtroom for the cross-examination of one prosecution witness and the examination of two other prosecution witnesses. The trial court had determined that there was, among other considerations, a fear of retaliation against the witnesses. The Supreme Court determined that there was a substantial reason for the partial closure.

**{¶7}** One of the two state's witnesses in question stated that she was afraid. Prior to the testimony of the other state's witness later in the case, trial counsel stated: "[I]t's been demonstrated in this trial that people in the neighborhood and associated with either family in this case have had a reluctance to be candid with witnesses, whether for admitting different stories, or for fear of retribution." Tr. 856. Clearly, these circumstances suggest a "substantial reason" for the trial court's partial closure of the courtroom. In light of the evidence in the record for the partial closure, we cannot conclude that appellate counsel was deficient or that Bolan was prejudiced by the absence of the argument that his trial counsel was ineffective for failing to object to the partial closure of the courtroom.

**{¶8}** In his second argument, Bolan contends his trial counsel was ineffective because trial counsel did not secure the attendance of a defense witness. In the fourth assignment of error on direct appeal, appellate counsel argued that the trial court "violated

his right to present a meaningful trial by refusing to grant a continuance" to secure the presence of a defense witness. 2011-Ohio-4501, ¶ 40.

{¶9} Bolan now contends that trial counsel's conduct provided the basis for this court's upholding of the trial court's ruling. That is, trial counsel initially declined to request a bench warrant for the defense witness and only on the next day — the day on which the witness could have testified — did trial counsel request a bench warrant. The trial court also complained regarding conflicting information provided to the trial court regarding the status of law enforcement's efforts to secure the attendance of the witness on that day. Bolan argues, therefore, that trial counsel's actions were at issue as well as whether the trial court abused its discretion by refusing to grant the continuance.

{¶10} As noted above, trial counsel was aware that witnesses on both sides were afraid to testify. In response to the trial court's observation that trial counsel did not address the issue of a bench warrant a day earlier, trial counsel stated: "* * * I didn't want her coming in under those circumstances * * * ." Tr. 980. We recognize that trial counsel could have been attempting to balance securing the attendance of the witness with avoiding alienating the witness. "It is well established that sound trial strategy does not provide a basis for reopening. *See, e.g., State v. Warner*, 8th Dist. No. 95750, 2011-Ohio-4096, reopening disallowed, 2012-Ohio-256, at ¶ 5." *State v. Foster*, 8th Dist. No. 95209, 2012-Ohio-916, ¶ 13. In *Warner*, this court observed that:

> **[C]laims of ineffective assistance of both appellate counsel and trial counsel, as predicated upon the failure to introduce evidence during the course of trial, failure to subpoena witnesses, and a request for continuance of trial, involved strategic choices of counsel that fell**

**within the realm of trial strategy and tactics that will not ordinarily be disturbed on appeal**.   2012-Ohio-256, at ¶ 11.

{¶4} Similarly, an appellate court cannot presume to second guess trial counsel's judgment regarding the risks and benefits of having law enforcement personnel secure the attendance of this witness.  Rather, we must conclude that appellate counsel was not deficient and Bolan was not prejudiced by the absence of this argument from his direct appeal.  As a consequence, Bolan has failed to demonstrate that there is a "genuine issue" whether he has a "colorable claim" of ineffective assistance of counsel on appeal. Accordingly, the application for reopening is denied.


_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR