[Cite as *State v. Bebee*, 2025-Ohio-1540.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113734 |
| v. | : | |
| LAJUAN BEBEE, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** April 25, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-677765-A
Application for Reopening
Motion No. 582554

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tyler W. Blair, Assistant Prosecuting Attorney, *for appellee*.

Lajuan Bebee, *pro se*.

WILLIAM A. KLATT, J.:

{¶ 1} Lajuan Bebee has filed a timely App.R. 26(B) application for reopening. Bebee is attempting to reopen the appellate judgment, rendered in *State v. Bebee*,

2024-Ohio-6181 (8th Dist.), that affirmed his conviction and sentence of incarceration for one count of murder, in violation of R.C. 2903.02(A); one count of murder in violation of R.C. 2903.02(B); two counts felonious assault in violation of R.C. 2903.11(A)(1); two counts felonious assault in violation of R.C. 2903.11(A)(2) — each count with one- and three-year firearm specifications in violation of R.C. 2941.141 and 2941.145; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). We decline to reopen Bebee's appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Bebee is required to establish that the performance of his appellate counsel was deficient, and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*

{¶ 4} Moreover, even if Bebee establishes that an error by his appellate counsel was professionally unreasonable, he must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May,* 2012-Ohio-5504 (8th Dist.).

## II. First Proposed Assignment of Error — Ineffective Assistance of Appellate Counsel and Trial Counsel

{¶ 5} Bebee, in his first proposed assignment of error argues that his appellate counsel and trial counsel were ineffective. We find that Bebee has failed to present any viable argument that establishes how appellate or trial counsel's performance was deficient and how he was prejudiced through the first proposed assignments of error. *State v. Littlejohn*, 2012-Ohio-1064 (8th Dist.); *State v. Warner*, 2012-Ohio-256 (8th Dist.); *State v. Freeman*, 2011-Ohio-5151 (8th Dist.); *State v. Price*, 2009-Ohio-3503 (8th Dist.). Mere recitation of black-letter case law, without detailed demonstration of prejudice and cogent legal analysis, does not support an App.R. 26(B) application for reopening. *State v. Gaughan*, 2009-Ohio-2702 (8th Dist.).

### III. Second, 12th, and 13th Proposed Assignments of Error — Failure to Impeach Witness

{¶ 6} Bebee, through his second, twelfth, and thirteenth proposed assignments of error, argues that appellate counsel should have challenged trial counsel's failure to impeach and cross-examine a State's witness. Specifically, Bebee argues that the testimony of Jordan Horn at trial, which did not identify Bebee as the shooter, was prejudicial and his testimony should have been subject to cross-examination or impeachment.

{¶ 7} Contrary to Bebee's argument, no prejudice resulted from Horn's testimony concerning his refusal to identify the actual shooter. In fact, the testimony of Horn clearly favored Bebee and did not result in any prejudice. Also, the decision to cross-examine or impeach a witness falls squarely within the realm of trial strategy and debatable trial tactics that will not be disturbed on appeal, absent a clear demonstration of prejudice. *State v. Campbell*, 90 Ohio St.3d 320 (2000); *State v. Otte,* 74 Ohio St.3d 555 (1996); *State v. Evans*, 2005-Ohio-3847 (8th Dist.). Bebee has failed to establish that he was prejudiced by appellate counsel on appeal, through his second, twelfth, and thirteenth proposed assignments of error.

### IV. Third, 15th, and 16th Proposed Assignments of Error — Court's Defective Instruction on Self-Defense and Failure to Request Castle Doctrine Jury Instruction

{¶ 8} Bebee, through his third, fifteenth, and sixteenth proposed assignments of error, argues that appellate counsel should have addressed the trial court's instruction on self-defense. Specifically, Bebee argue that the failure of trial

counsel to object to the trial court's jury instruction regarding self-defense, and the failure of trial counsel to request a "castle doctrine" jury instruction under R.C. 2901.09(B), resulted in prejudice.

**{¶ 9}** This court, in the appellate opinion journalized December 19, 2024, addressed the issue of self-defense and held:

> We do not find Bebee's self-defense argument persuasive. . . . The jury was allowed to believe all, some, or none of the witnesses' testimony. *Law Office of Craig T. Weintraub v. Bruner*, 2022-Ohio-1939, ¶ 32 (8th Dist.), citing *State v. Mitchell*, 2010-Ohio-2890, ¶ 27 (8th Dist.). After hearing all the testimony, the jury did not find Bebee's self-defense claim credible. After a thorough review of the record, and weighing all the evidence, we cannot say that this is one of the rare cases in which the trier of fact lost its way. The State met its burden of persuasion when it proved that Bebee did not have a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of force.

*Bebee*, 2024-Ohio-6181, ¶ 41 – 44 (8th Dist.).

**{¶ 10}** The doctrine of res judicata prevents further review of the issue of self-defense because the issue has already been addressed by this court on direct appeal and found to be without merit. *State v. Perry*, 10 Ohio St.2d 175 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60 (1992); *State v. Logan*, 2008-Ohio-1934 (8th Dist.); *State v. Tate*, 2004-Ohio-973 (8th Dist.). Herein, we find that application of the doctrine of res judicata is not unjust.

**{¶ 11}** In addition, we conclude that Bebee's trial counsel was not ineffective for failing to request a castle doctrine jury instruction. It appears that the castle doctrine does not apply here in light of the evidence presented at trial. A jury instruction on the castle doctrine is typically given in cases involving a home-invasion scenario. The evidence in this case shows that Bebee shot the victim while attending a party at "Aja's" apartment located on Jelliffe Street in Cleveland, Ohio. The shooting did not occur at Bebee's residence. *See* R.C. 2901.09(A) and (B).

**{¶ 12}** Based on the foregoing, we conclude that Bebee has failed to establish that his trial counsel's performance was deficient or unreasonable for not requesting a jury instruction on the castle doctrine. Further, Bebee has not established how a jury instruction on the castle doctrine would have changed the outcome of his trial. *State v. Chavez*, 2020-Ohio-426 (3d Dist.).

## V. Fourth and Seventh Proposed Assignments of Error — Failure to Suppress Interrogation Video and Written Miranda Warning Waiver

**{¶ 13}** Bebee, in his fourth and seventh proposed assignments of error, argues that appellate counsel should have argued on appeal the failure of trial counsel to file a motion to suppress an interrogation video. Specifically, Bebee argues that the interrogation video should have been suppressed because parts of the video were muted. Bebee also argues that he did not sign a Miranda warning.

**{¶ 14}** Bebee has failed to present any viable argument that establishes appellate counsel's performance was deficient and that trial counsel was required to file a motion to suppress the interrogation video. Bebee has failed to establish that

he was prejudiced with regard to the viewing of an interrogation video. *Littlejohn*, 2012-Ohio-1064 (8th Dist.); *Warner*, 2012-Ohio-256 (8th Dist.); *Freeman*, 2011-Ohio-5151 (8th Dist.); *Price*, 2009-Ohio-3503 (8th Dist.). Merely reciting assignments of error, without demonstrating prejudice presenting applicable legal argument and analysis, is not sufficient to support an App.R. 26(B) application for reopening. *Gaughan*, 2009-Ohio-2702 (8th Dist.)

{¶ 15} With regard to a Miranda warning, Bebee simply states that he did not waive his Miranda rights in writing or that he was provided with a written copy of his Miranda rights. Bebee has not presented any legal argument to support his fourth proposed assignment of error with regard to the issue of Miranda rights. Moreover, the police were not required to provide a written copy of the Miranda rights to Bebee. Nor were the police required to obtain a written waiver of the Miranda rights prior to commencing Bebee's interrogation. No prejudice is demonstrated by Bebee, and appellate counsel was not ineffective on appeal. *State v. Edwards*, 49 Ohio St.2d 31 (1976); *State v. Freeman*, 2002-Ohio-1176 (11th Dist.).

## VI. Fifth and Sixth Proposed Assignments of Error — Closing Arguments of Defense Counsel and Prosecutor

{¶ 16} Bebee, through his fifth and sixth proposed assignments of error, argues that appellate counsel should have argued that trial counsel was ineffective through its closing argument and failure to challenge the prosecutor's closing argument.

{¶ 17} With regard to defense counsel's closing argument, generally, the decision on whether to give an opening statement or closing argument and how to formulate and deliver them are tactical decisions. *State v. Fouts*, 2016-Ohio-1104 (4th Dist.), citing *Bradley*, 42 Ohio St.3d 136, at 144 (1989) (rejecting defendant's ineffective-assistance-of-counsel claim that his counsel's closing argument was "too brief, passionless and themeless"). The substance of closing argument falls within the realm of trial strategy. *State v. Cameron*, 2009-Ohio-6479 (10th Dist.). Herein, defense counsel's closing argument fell squarely within the realm of trial strategy based upon the defense presented for Bebee. In addition, Bebee has failed to establish how he was prejudiced by defense counsel's closing argument not referencing the testimony of a pathologist/medical examiner and a forensic scientist. *State v. Guysinger*, 2017-Ohio-1167 (4th Dist.).

{¶ 18} With regard to the prosecutor's closing argument, we find no prejudice that befell Bebee through the prosecutor's comments on his guilt as based upon the testimony and evidence adduced at trial. A prosecutor must avoid any declarations, claims, or averments that are deliberately calculated to mislead a jury. *State v. Maurer*, 15 Ohio St.3d 239 (1984); *State v. Smith*, 14 Ohio St.3d 13 (1984). An allegation of prosecutorial misconduct in closing argument must be reviewed to determine whether any remarks were improper and, if so, whether they prejudicially affected any substantial rights of Bebee. A conviction can only be reversed on the grounds of prosecutorial misconduct if the effect of the misconduct permeated the entire trial and Bebee has demonstrated that but for the prosecutor's improper

statements, he would have prevailed at trial. *Broadview Hts. v. Thomas*, 2023-Ohio-4645 (8th Dist.). The key to a determination of prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *State v. Williams*, 2023-Ohio-1748 (8th Dist.).

{¶ 19} A review of the trial transcript clearly fails to demonstrate that the prosecutor expressed any personal opinions as to Bebee's guilt. In addition, even if the prosecutor had expressed personal opinions, Bebee would have been found guilty of the charged offenses, despite the claimed error of prosecutorial misconduct. It is clear beyond a reasonable doubt that the jury would have found Bebee guilty of the offenses of murder, felonious assault, and having weapons while under disability regardless of the alleged misconduct of the prosecutor. Thus, we find that Bebee was not prejudiced by any of the remarks made by the prosecutor during closing arguments. *State v. Hanna*, 2002-Ohio-2221; *State v. Stevens*, 2023-Ohio-4683 (6th Dist.); *State v. Erker*, 2019-Ohio-3185 (8th Dist.).

{¶ 20} Bebee, through his fifth and sixth proposed assignments of error, has failed to establish any prejudice that resulted from appellate counsel's conduct on appeal.

### VII. Eighth Proposed Assignment of Error — Defense Counsel's Direct Examination of Bebee's Past Criminal Offenses

{¶ 21} Bebee, through his eighth proposed assignment of error, argues that appellate counsel was ineffective on appeal by failing to argue that defense counsel's inquiry into Bebee's past criminal record, resulted in prejudice. Foreclosing "the

sting of prior convictions" is a legitimate trial tactic, especially in light of Bebee's significant criminal record that involved the offenses of having weapons while under disability, attempted having weapons while under disability, carrying a concealed weapon, improper transport of a firearm, and failure to comply. Bebee has failed to establish that he was prejudiced by defense counsel's inquiry into his past criminal record and the failure of appellate counsel to raise the issue on appeal. *State v. Feltha*, 2017-Ohio-8640 (1st Dist.); *State v. Smith*, 2002-Ohio-2886 (1st Dist.).

## VIII. Ninth Proposed Assignment of Error — Speedy Trial Violated by Defense Counsel's Requests for Continuances

{¶ 22} Bebee, through his ninth proposed assignment of error, argues that appellate counsel was ineffective on appeal by failing to argue that trial counsel violated his right to a speedy trial by requesting 23 continuances that tolled his right to a speedy trial. Requests for continuances, as made by a defendant's counsel, are effective to bind a defendant. So long as the continuances requested by counsel are reasonable and would not constitute ineffective assistance of counsel, defense counsel may waive a defendant's right to a speedy trial. *State v. Kelley*, 2015-Ohio-5272 (8th Dist.). *See also State v. Taylor*, 2002-Ohio-7017; *State v. Dennison*, 2013-Ohio-5535 (10th Dist.); *State v. Brime*, 2009-Ohio-6572 (10th Dist.). Herein, a review of the record indicates that the continuances requested by Bebee's trial counsel were reasonable in light of the complexities of the criminal case.

{¶ 23} Bebe has failed to demonstrate that he was prejudiced by the continuances requested by trial counsel and that appellate counsel was ineffective for failing to raise the issue on appeal.

### IX. Tenth Proposed Assignment of Error — Reckless Investigation of Crime Scene by Police

{¶ 24} Bebee, through his tenth proposed assignment of error, argues that appellate counsel was ineffective on appeal by failing to argue that trial counsel failed to challenge the testimony regarding the police investigation of three bullet holes at the crime scene. Bebee has failed to demonstrate how he was prejudiced by the police investigation at the crime scene where the victim was murdered because there exists no due-process requirement for the police to conduct an investigation in a certain way. *State v. Weiser*, 2003-Ohio-7034 (10th Dist.). Appellate counsel was not ineffective on appeal by failing to raise the issue of a defective police investigation.

### X. 11th Proposed Assignment of Error — Improper Imposition of Consecutive Sentences

{¶ 25} Bebee, through his eleventh proposed assignment of error, argues that appellate counsel was ineffective on appeal by failing to argue the improper imposition of consecutive sentences by the trial court. A review of the sentence imposed upon Bebee, with regard to the principal offenses of murder, felonious assault, and having weapons while under disability, fails to disclose the imposition of consecutive sentences. Counts 2, 3, 4, and 5 merged, and the State elected for sentencing on Count 2. Counts 7 and 8 merged, and the State elected for sentencing

on Count 8. Counts 2 and 8 were ordered to be served concurrently to each other and concurrent to Count 9, which involved the offense of having weapons while under disability. No consecutive sentences were imposed with regard to the principal offenses.

{¶ 26} Consecutive sentences, with regard to the firearm specifications, were required. This court has stated that although the General Assembly did not include the word "consecutive" in R.C. 2929.14(B)(1)(g), it did, in fact, create an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed as part of the same transaction. *State v. Vanderhorst*, 2013-Ohio-1785 (8th Dist.); *State v. Isreal*, 2012-Ohio-4876 (12th Dist.). The trial court was required by statute to impose the three-year sentences on the firearm specifications associated with the two most serious felonies, the aggravated murder and felonious assault, consecutively. And because the statute requires the imposition of consecutive sentences for firearm specifications under R.C. 2929.14(B)(1)(g), the trial court was not required to make R.C. 2929.14(C)(4) findings before imposing the multiple and consecutive firearm specifications sentence. *State v. A.H.*, 2013-Ohio-2525 (8th Dist.). Appellate counsel was not ineffective on appeal for failing to raise the issue of consecutive sentencing.

### 14th Proposed Assignment of Error — Reagan Tokes Law Advisement if Reversed on Appeal

{¶ 27} Bebee, through his fourteenth proposed assignment of error, argues that he was prejudiced by the failure of appellate counsel to raise on appeal the trial

court's advisement that if his sentence was reversed on appeal, sentencing under the Reagan Tokes Law would be appropriate. Bebee fails to establish that he was prejudiced by the trial court's statement of the need for advisement, under Reagan Tokes, if his appeal is reversed and remanded for resentencing. In fact, his appeal was affirmed and not remanded for resentencing. Once again, Bebee has failed to establish any prejudice from the conduct of appellate counsel. *Gaughan*, 2009-Ohio-2702 (8th Dist.).

## XI. 17th Proposed Assignment of Error — Termination of Probation

{¶ 28} Bebee, through his seventeenth proposed assignment of error, argues that he was prejudiced by the failure of appellate counsel to challenge the termination of probation otherwise known as community control.

{¶ 29} An application for reopening is a limited procedural vehicle to raise claims of constitutionally inadequate representation during an appeal. App.R. 26(B) defines the limits of such a claim. It provides, in part, a defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. *State v. McFarland*, 2024-Ohio-60 (8th Dist.); *State v. Lawrence*, 2021-Ohio-3357 (8th Dist.). Bebee's current application for reopening is only applicable to the appeal that affirmed the conviction and sentence imposed in CR-23-677765-A. Termination of community control in *State v. Bebee*, Cuyahoga C.P. No. CR-21-656066 was not the subject of the present appeal that affirmed his conviction and sentence.

**{¶ 30}** Thus, Bebee cannot demonstrate any prejudice in the current application for reopening from the alleged failure of appellate counsel to challenge the termination of community control in Cuyahoga C.P. No. CR-21-656066. Appellate counsel was not ineffective based upon Bebee's seventeenth proposed assignment of error.

## XII. Conclusion

**{¶ 31}** Bebee, through his seventeen proposed assignments of error, has failed to demonstrate that there exists a reasonable probability that, were it not for appellate counsel's conduct on appeal, the result of his appeal would have been different.

**{¶ 32}** Application for reopening is denied.

_____

WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)